# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 6:18-CV-03423-MDH |
| TIMOTHY L. WORTHEN, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Petition to Determine Present Mental Condition of an Imprisoned Person (Doc. 1) was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The United States Magistrate Judge has completed his preliminary review of the Petition for Determination of Defendant's mental condition and has submitted a report and recommendation to the undersigned. (Doc. 11). The Magistrate Judge found by a preponderance of the evidence that that Defendant suffers from a mental disease or defect, the treatment for which he is in need of custody in a suitable facility. Accordingly, the Magistrate Judge recommended the Defendant be committed pursuant to 18 U.S.C. § 4245.

Defendant has filed exceptions to the report and recommendation of the Magistrate Judge in which he submits that there was not a preponderance of evidence to commit Defendant under 18 U.S.C. § 4245. (Doc. 12). Defendant's basis for this statement is his own testimony that he does not suffer from a mental illness and that he could live in open population without issue. *Id.*at 2. Defendant states that the evidence is insufficient to establish by a preponderance of the evidence

1

that he is presently suffering from a mental disease or defect that warrants commitment under 18 U.S.C. § 4245. *Id.*

After careful review of the entire record before the Court, the Court adopts the findings and recommendation of the Magistrate Judge at this time. The Risk Assessment Panel concluded that Defendant suffered from the major mental illness of schizophrenia spectrum disorder, psychotic disorder, and possibly a mental defect. (Doc. 13 at 12-13). The Panel noted that Defendant had practically no insight into his significant mental condition, a lengthy adult criminal history, and a reckless disregard for his safety. *Id.* Independent psychological examiner Dr. Richart L. DeMier, Ph.D. also concluded that Defendant suffers from a severe mental illness, schizophrenia, lacks insight into his own condition, and would be unable to safely function in a regular prison environment. (Doc. 8 at 5). Every evaluating expert, including the three members of the Risk Assessment Panel and Dr. DeMier, concluded that Defendant suffers from a mental disease for which he is in need of custody for care or treatment under 18 U.S.C. § 4245. (Doc. 1-2 at 13, Doc. 8 at 5).

Defendant, in his exceptions to the Magistrate Judge's Report and Recommendation, points to Defendant's testimony at the evidentiary hearing held on March 12, 2019 (Doc. 10) that he does not believe he has a mental illness and that he would be able to function in an open unit if given the chance. Defendant's testimony is at odds with the overwhelming weight of the other evidence in the record and does not give the Court any legitimate reason to doubt the conclusions of the examining medical professionals or the recommendation of the Magistrate Judge.

The Court agrees with the reasoning of the Magistrate Judge and accordingly finds by a preponderance of evidence that commitment under the provisions of 18 U.S.C. § 4245 is appropriate.

It is **THEREFORE ORDERED** that Defendant's exceptions filed herein (Doc. 12) are considered and **OVERRULED.**

It is **FURTHER ORDERED** that the report and recommendation of the United States Magistrate Judge (Doc. 11) is **ADOPTED.**

It is **FURTHER ORDERED** that Defendant be, and is hereby, committed to the custody of the Attorney General under the provisions of 18 U.S.C. § 4245 for hospitalization and treatment in a suitable facility until he is no longer in need of such custody for care of treatment or until his sentence of imprisonment expires, whichever occurs earlier.

**IT IS SO ORDERED.**

DATED: April 8, 2019

    /s/ Douglas Harpool
**DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE**